## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DONGSHENG HUANG, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 12-0035 |
| § | |
| ADMINISTRATIVE REVIEW BOARD § | |
| U.S. DEPARTMENT OF LABOR, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

The petitioner, Dongsheng Huang, proceeding *pro se*, challenges aspects of the Department of Labor ("DOL") Administrative Review Board ("ARB")'s ruling affirming the Administrative Law Judge ("ALJ")'s decision that Huang was entitled to receive over $150,000.00 from his former employer, Ultimo Software Solutions, Inc. ("Ultimo"). Huang seeks an order directing the ARB to change its ruling in several ways, including awarding him more compensatory damages for front pay, back pay, and pain and suffering; awarding him punitive damages of $5,000,000.00; and expunging government records about his employment. Huang also challenges the interest calculation on the award. Finally, he alleges that the DOL Wage & Hour Administrator had a statutory duty to participate directly in the administrative proceedings and failed to perform that duty. (Docket Entries No. 57–60).[1]

---

[1] Huang moved for leave to amend but did not attach a copy of his proposed amended complaint and petition for review or exhibits. (Docket Entry No. 48). The ARB responded and Huang replied. (Docket Entries No. 54, 55). Following this court's June 3, 2013 order, Huang supplemented his motion by filing the proposed amendments and exhibits. (Docket Entries No. 57–60). The motion for leave to amend is granted to the extent that the amendments add factual detail to Huang's complaint. The ARB's argument that amendment would be futile is moot because the material added does not affect the parties' substantive arguments about dismissal. As explained below in this court's Memorandum and Opinion, the ARB is entitled to dismissal even considering the allegations in and attachments to Huang's amended complaint and petition for review.

The ARB moved to dismiss Huang's complaint, and Huang responded. (Docket Entries No. 41, 46).[2] Based on a careful review of the pleadings, the motions and responses, and the relevant law, this court grants the ARB's motion to dismiss. An order denying Huang's claims and dismissing his suit with prejudice is separately issued. The reasons are explained below.

I.     **Factual and Procedural Background**

Huang is a native and citizen of China. (Docket Entry No. 20, Ex. 1, ALJ Decision and Order of Dec. 17, 2008, at 8). On July 12, 2005, Huang was offered employment in the United States by Ultimo under the H-1B visa provision. 8 U.S.C. § 1101(a)(15)(H)(i)(b). Huang was admitted to the United States after Ultimo petitioned for and received approval from the United States Citizenship and Immigration Service ("USCIS") for an H-1B visa on his behalf. (*Id.*). This visa allowed Huang to remain in the United States from December 20, 2005 until September 15, 2008. (*Id.*).

Huang entered the United States on March 22, 2006 and moved into Ultimo-provided housing in California. (*Id.* at 8–9). Ultimo required Huang to relocate to Houston, Texas on June 4, 2006, purportedly to find a job placement, but at Huang's expense (except for air travel, which Ultimo paid). (*Id.* at 11). Huang complained to the DOL by telephone on October 16, 2006 and in writing on April 24, 2007 that Ultimo was failing to provide him sufficient productive work or pay him salary or benefits as promised. (*Id.* at 12). Huang's allegations accused Ultimo of engaging in "benching" — offering an employee full-time employment under the H-1B visa program but not giving him productive work. "Benching" is prohibited by 8 U.S.C. § 1182(n)(2)(C)(vii)(I) if the employer fails to pay the employee the promised salary during periods when the employee is not

---

[2] Huang also moved to strike the motion to dismiss as untimely because it was filed one day late. (Docket Entry No. 44). Huang has not shown that he was prejudiced by the late filing. The motion to strike is denied.

given productive work. (*Id.* at 5, 23, 27–28).

When the DOL investigated, it did not find Huang's name listed as one of Ultimo's H-1B visa employees. (*Id.* at 12). Huang gave the DOL permission to release his name to Ultimo as part of the investigation. (*Id.*). The DOL Wage & Hour Administrator found that Ultimo had not paid Huang from March 22, 2006 (when Huang arrived in the United States) until June 4, 2006 (when Ultimo required Huang relocate to Houston). The DOL concluded that Huang's move to Houston effectively terminated his employment with Ultimo. The DOL ordered Ultimo to pay Huang back wages of $11,744.48. (*Id.* at 13–16). In relaying this decision to Huang, the DOL incorrectly told him that his H-1B visa had already been canceled. (*Id.* at 13). Huang sought whistleblower protection as a result. (*Id.*). Ultimo did not contest the DOL Wage & Hour Administrator's decision. (Docket Entry No. 20, Ex. 2, Stipulation). Huang did.

Huang asked for a hearing before the ALJ because he believed he was owed more than what the DOL Wage & Hour Administrator awarded him. (Docket Entry No. 20, Ex. 1 at 13–14). Huang asked the ALJ to find that: (1) he was paid an improperly low wage; (2) Ultimo had provided false responses to interrogatories and offered false documents into evidence; (3) Ultimo had retaliated against Huang, violating his whistleblower protection by sending a visa revocation request after learning about his complaint to the DOL and its investigation; and (4) Ultimo was liable for wages, benefits, living and travel expenses, submitting false documents, and discovery misconduct. (*Id.* at 14–15).

The ALJ found in Huang's favor on most of the issues he raised. (*Id.* at 15). The ALJ found that "[o]ut of [Huang's] list, the only issues that are relevant to this adjudication are whether Ultimo is liable to him for (1) back wages, fringe benefits, and travel expenses, and (2) retaliatory discharge." (*Id.*). The ALJ found neither Ultimo's position before the DOL (that it had fired Huang

3

in June 2006) nor it position before the ALJ (that it had fired Huang in April 2006 for performance reasons but Huang refused to stop showing up for work until June 2006) credible, given that Ultimo had allowed him to continue living in corporate housing, continued to market him, continued to train him, and sent him to Houston in June 2006. The ALJ found that Huang was still employed by Ultimo after June 4, 2006, when he relocated to Houston. The ALJ determined that Huang was owed back pay through July 12, 2007, the date that Ultimo sought to cancel his H-1B visa, which was two days after the date the DOL investigation revealed his name to Ultimo. (*Id.* at 15–23). The ALJ determined that Ultimo had retaliated against Huang and owed him wages and benefits from the date he began working for Ultimo in March 2006 through September 15, 2008, the date his visa expired. The amount was calculated based on the $60,000 annual salary Ultimo specified in the Labor Condition Application ("LCA") it filed to obtain an H-1B visa for Huang. (*Id.* at 23–29). The ALJ awarded Huang compensation for salary, health benefits, 401(k) contributions, litigation costs, travel expenses, and living expenses. (*Id.* at 27–29). The ALJ found that there was no evidence supporting a compensatory-damage award for medical problems Huang contended resulted from the stress of his dispute with Ultimo. The ALJ also found no legal basis supporting a punitive damages award. (*Id.* at 29). The ALJ ordered the DOL to calculate pre- and post-judgment interest for the $138,225.52 damages awarded. (*Id*. at 30–31).

Huang and Ultimo both appealed the ALJ's decision to the ARB. (Docket Entry No. 20, Ex. 5, Notice of Intent to Review). The ARB affirmed. (Docket Entry No. 20, Ex. 7, Final Decision & Order). Huang filed a petition to reconsider, which the ARB denied. (Docket Entry No. 20, Ex. 8).

The DOL computed interest for the amounts Ultimo owed Huang. (Docket Entry No. 20, Ex. 10, Administrator's Computation of Interest & Notice Regarding Respondent's Compliance). Huang opposed this calculation on the basis that the DOL used the wrong interest rate. (Docket

Entry No. 20, Ex. 11, Motion Opposing Administrator's Computation of Interest). The DOL responded that it had calculated the interest according to the ALJ's order. (Docket Entry No. 20, Ex. 12, Response). The ALJ affirmed the DOL's interest calculation and ordered Ultimo to pay Huang. (Docket Entry No. 20, Ex. 13, ALJ Order of Mar. 22, 2012). Huang filed a motion asking the ALJ to reconsider. The motion was denied. (Docket Entry 20, Ex. 14, ALJ Order of Apr. 11, 2012). Huang then petitioned the ARB for review of the ALJ's interest award. The ARB declined to accept Huang's petition for review, and the ALJ's decision became final and reviewable, on May 30, 2012. (Docket Entry No. 34, Ex. 18, ARB Notice of May 30, 2012).

On January 5, 2012, before the proceedings in front of the ARB ended, Huang sued the ARB[3] in this court under the Administrative Procedure Act ("APA"). (Docket Entry No. 1). On February 17, 2012, Huang sued Ultimo in the United States District Court for the Northern District of California, seeking enforcement of the ARB's March 31, 2011 decision. (Docket Entry No. 42, Ex. 1, Docket Sheet). The Northern District of California case was dismissed on June 5, 2012 because the agency action was not final and therefore not ripe for judicial review. (Docket Entry No. 42, Ex. 2, Order Granting Def.'s Mot. to Dismiss). Huang appealed this dismissal to the United States Court of Appeals for the Ninth Circuit, where it is still pending. (Docket Entry No. 48).

This court stayed the case before it until the administrative action was final and ripe for review. (Docket Entry No. 28). After the final ARB decision issued on May 30, 2012, the stay was lifted and the case reinstated to the active docket. (Docket Entry No. 33). Huang filed his first amended complaint on July 23, 2012. (Docket Entries No. 34–35). The ARB has moved to dismiss. (Docket Entry No. 41). The ARB argues that dismissal was warranted because: Ultimo is an

---

[3] Huang also sued the United States Secretary of Labor. For clarity's sake, this Memorandum and Opinion refers to the defendants collectively as the ARB.

5

indispensable party but has not been not joined in this case; this court lacks authority to order the relief Huang seeks, which is to order the ARB to change its findings and conclusions; and the allegations show no abuse of discretion, and no basis for relief, as a matter of law.

**II.     Dismissal Under Rule 12(b)(7)**

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19" of the Federal Rules of Civil Procedure. "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (footnotes omitted). A court must first determine if an entity should be joined to the lawsuit under Rule 19(a). If so, joinder should result. But if such joinder would destroy the court's jurisdiction, the court must determine under Rule 19(b) if the party is indispensable. If the party is indispensable, then the court must dismiss the litigation. If the party is not indispensable, the case may continue without joinder. *Id*. Under Rule 19,

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1)(B).

The ARB argues that dismissal would be necessary under Rule 12(b)(7) for Huang's failure to join Ultimo as a party. The relief Huang seeks requires Ultimo — not the DOL — to pay much more than it has been ordered to pay by the ALJ and the ARB. Granting Huang's claims for relief without Ultimo as a party would significantly "impair or impede" its ability to protect its interests.

6

*See* FED. R. CIV. P. 19(a). Ultimo is a party to the appeal that is still pending in the United States Court of Appeals for the Ninth Circuit. Huang has nevertheless simultaneously proceeded in this court without Ultimo as a party for over a year, creating a risk that Ultimo may be subjected to conflicting judgments. (*See* Docket Entry No. 41, at 16). Ultimo is clearly a necessary party under the Federal Rules.

Because Ultimo is a necessary party, the inquiry turns to whether joining Ultimo is feasible. The ARB argues that "Joining Ultimo would not be feasible if this Court does not have personal jurisdiction over Ultimo." (*Id.*). This court would have specific jurisdiction over Ultimo for the purposes of this action if it has purposefully directed its activities at the Southern District of Texas and the litigation resulted from alleged injuries that arose out of or related to those activities. *See, e.g.*, *J. McIntyre Machinery, Ltd. v. Nicastro*, — U.S. —. 131 S. Ct. 2780, 2788 (2011); *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 499 (5th Cir. 2012); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)); *Alert 24 Sec., LLC v. Tyco Int'l, Ltd.*, 823 F. Supp. 2d 589, 593 (S.D. Tex. 2011). Huang alleges that Ultimo sent him to Houston in the course of his employment in an attempt to place him with Ultimo clients there. The ARB does not argue that personal jurisdiction is lacking, but that Huang's allegations are too scant for this court to decide. (Docket Entry No. 41, at 17).

Because Ultimo is likely an indispensable party in this case, Huang would have to amend his pleadings to add Ultimo as a party. Because Huang's current allegations are insufficient to determine personal jurisdiction, he would also have to add factual allegations supporting this court's personal jurisdiction over Ultimo. Even assuming that he could amend to establish personal jurisdiction over Ultimo in Texas, Huang's claims fail for the additional reasons explained in the

7

discussion below. As a result, it is futile to allow him leave to amend to add Ultimo as a defendant in this suit.

### III.   The Legal Standard for Dismissal Under Rule 12(b)(6)

####    A.   The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that

they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also Richardson v. Keffer*, 471 F. App'x 304, 305 (5th Cir. 2012) (per curiam) ("Although Rule 15 requires leave to be freely given, 'leave to amend . . . is by no means automatic.'" (quoting *Rourke v. Thompson*, 11 F.3d 47, 51 (5th Cir. 1993))); *Mosley v. Bowie County*, 275 F. App'x 327, 328 (5th Cir. 2008) (per curiam) ("The record is devoid of reasons for the denial of leave to amend the complaint; accordingly, the denial of such leave constitutes an abuse of discretion."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (citation omitted)).

A plaintiff, however, should be denied leave to amend a complaint if the court determines that the "proposed amendment . . . clearly is frivolous" or "advanc[es] a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2010); *see also Rio Grande Royalty Co. v. Energy Transfer Partners*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss."); *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### B. The Scope of Administrative Review

Unlike the district court's role in a "garden variety civil suit," a district court reviewing a final agency action under the APA "does not perform its normal role but instead sits as an appellate tribunal." *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (quotations

omitted). Under the APA, agency action may be held unlawful and set aside only if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Fifth Circuit has consistently applied this standard to its review of decisions of the ARB. "[A] decision of the ARB [must be affirmed] unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Factual findings are subject to substantial evidence review.' Conclusions of law are reviewed *de novo*." *Barker v. Admin. Review Bd.*, 302 F. App'x 248, 249 (5th Cir. 2008) (per curiam) (footnotes and citations omitted); *see also Allen v. Admin. Review Bd.*, 514 F.3d 468, 476 (5th Cir. 2008), *Willy v. Admin. Review Bd.*, 423 F.3d 483, 490 (5th Cir. 2005). "[U]nder settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards." *Palisades Gen. Hosp. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005) (quotations omitted).

### IV. Analysis of Dismissal Under Rule 12(b)(6)

The motion to dismiss must be granted for several reasons. Most of Huang's requests for relief would require this court to exceed the authority granted to it by the APA. The court has no authority to order the ARB to make particular findings or rulings. To the extent Huang asks this court to do so, his second amended complaint fails to state a claim on which relief can be granted. To the extent Huang seeks relief that this court could provide, his claims fail as a matter of law.

#### A. The Claim for Expungment of Documents

Huang asks this court to order the ARB to order the ALJ to expunge records related to his Ultimo employment. Huang does not allege that he requested expungement during the ALJ proceedings. This issue is not properly raised for the first time in this court. Moreover, Huang has not identified a legal or factual basis on which this court could order Ultimo to expunge not only its

records but also DOL and USCIS records. Huang cites an ARB decision, *Shields v. James E. Owen Trucking, Inc.*, ARB No. 08-021, 2009 WL 4324727 (ARB Nov. 30, 2009), for the proposition that an ALJ has authority to expunge employment records. That ARB decision, which involved affirming an ALJ's order expunging company documents, does not stand for the proposition that a district court has authority to order expungement in the first instance. The ARB's decision affirming the discretion exercised by an ALJ in a different case does not show, as Huang argues, that an ALJ must order records expunged in all cases or that the ALJ erred in not expunging the official records of Huang's employment at Ultimo under the H-1B visa program.

This claim is dismissed as not properly raised or, alternatively, because Huang's pleadings show no plausible basis for the relief he seeks. The dismissal is with prejudice because further amendment would be futile.

### B. The Claim for Front Pay

Huang argues that he is entitled to front pay until he can find new work. Huang appears to argue that his right to receive back pay combined with the right to seek new employment in the United States following illegal retaliation entitles him to front pay as well. There does not appear to be a statutory basis for this argument. The ALJ awarded Huang back pay, ordering Ultimo to pay Huang under 8 U.S.C. § 1182(n)(2)(D) through September 15, 2008, the date his H-1B visa expired. This was several months after Ultimo terminated Huang's employment in July 2007. Huang was paid through the September 2008 date because his job termination, which the ALJ found to be retaliatory, could not be remedied by reinstatement given the expiration of his visa.

"[A]n H-1B nonimmigrant who has filed a complaint alleging that an employer has discriminated against the employee [by retaliating] . . . may be allowed to seek other appropriate employment in the United States, provided the employee is otherwise eligible to remain and work

11

in the United States." 20 C.F.R. § 655.801(c). Because his visa expired on September 15, 2008, there was no basis to find that Huang could have continued working at Ultimo after that date and no justification for requiring Ultimo to pay more. Huang is not entitled to the front pay he seeks. This claim is dismissed with prejudice because further amendment would be futile.

### C.    The Claim for Compensation for Added Taxes and an Expected Raise

Huang asks the court to order the ARB and ALJ to award him compensation for the increased taxes he may pay because he received damages in a lump sum. Ultimo, however, has not yet paid Huang the lump sum that would trigger the purported increased tax. The amount of any increased tax is not known and Huang does not allege that competent evidence of the amount was in the administrative record. *See, e.g.*, *Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 442–43 (3rd Cir. 2009) (deciding that a prevailing employee was entitled to an increase based on "an affidavit from an economic expert who calculated the amount of tax-effect damages based upon the back pay award, the applicable tax rates, and Eshelman's income tax returns for the appropriate years"). The amount Huang seeks in this court is speculative and cannot justify an award for a potential increased tax burden. *See, e.g.*, *Argue v. David Davis Enters., Inc.*, 2009 WL 750197, at *27 (E.D. Pa. Mar. 20, 2009). Without allegations that the record before the ALJ contained adequate evidentiary support, the pleadings show no legal or factual basis for additional damages to compensate for the tax consequences of the damages awarded. There is no basis to disturb the ARB's decision with respect to Huang's increased tax burden.

Huang also argues that his back pay should be increased to reflect a 5–10 % annual raise he alleges Ultimo promised him. He cites one line in an e-mail from Ultimo to support his claim. The H-1B visa statute does not require compensation for expected raises that go beyond the commitments stated in the employer's LCA. The LCA is submitted as part of a prospective

12

employer's application for an H-1B visa on the prospective employee's behalf and sets out the terms and conditions of employment. *See, e.g.*, *Kersten v. LaGard, Inc.*, ARB No. 06-111, ALJ No. 2005-LCA-017, at 2 (ARB Oct. 17, 2008). Huang does not allege that his LCA provided for the 5–10% annual raise he seeks. Huang has alleged no legal or factual basis to require Ultimo to pay amounts beyond what it specified in the LCA. The ARB did not err in failing to add damages for a raise Huang expected.

The claims are dismissed, without leave to amend because further amendment would be futile.

### D. The Claim for Damages for Medical Problems

Huang's second amended complaint includes allegations about the consequences to his health from Ultimo's actions. Huang argues that his claim for damages for his medical problems should not be dismissed because he has presented allegations in this court that, if taken as true, would show that he is entitled to compensatory damages. The issue, however, is not whether Huang could state a claim for medical damages if he were litigating them in this court. The issue is whether the ARB's decision affirming the ALJ's denial of compensatory medical damages was an abuse of discretion based on the administrative record. The ALJ decided, and the ARB agreed, that Huang did not present sufficient evidence or identify a legal basis in the ALJ proceedings to justify medical damages. Huang's allegations in his second amended complaint and his arguments in this court do not support an inference that the ALJ abused its discretion in denying compensatory damages for medical problems or that the ARB erred in affirming the ALJ's decision. This claim is dismissed, without leave to amend because further amendment would be futile.

### E. The Claim for Punitive Damages

Huang argues that he should have been awarded punitive damages. Some whistleblower

protection statutes administered by the DOL, such as those for the Toxic Substances Control Act or Safe Water Drinking Act, explicitly authorize punitive damages. *See, e.g.*, 15 U.S.C. § 2622(b)(2)(B)(iv); 42 U.S.C. § 300j-9(i)(2)(B)(ii)(IV). The H-1B visa whistleblower protection statute and regulations do not. And Huang has alleged no basis to find that the ALJ abused its discretion in denying punitive damages or that the ARB abused its discretion in affirming the ALJ's decision. This claim is dismissed, with prejudice and without leave to amend because further amendment would be futile.

### F. The Allegations of Discovery Misconduct

The decision not to proceed with the investigation and prosecution of Ultimo's alleged discovery misconduct was within the ALJ's discretion. Huang has not made allegations or arguments that would support a finding that the ALJ abused its discretion or that the ARB erred in affirming the ALJ. This claim is dismissed, with prejudice and without leave to amend because further amendment would be futile.

### G. The Claim Based on the DOL Administrator's Lack of Participation

Huang argues that the ARB should have required the DOL Wage & Hour Administrator to participate in the DOL proceedings. He has identified no legal basis for such a requirement and has not alleged that he was prejudiced by the Administrator's absence. Huang received more than the original compensation estimate, which the Administrator would presumably have defended. Huang has alleged nothing to suggest that the Administrator would have acted otherwise. There is no basis to disturb the ALJ or ARB's decisions based on the Administrator's absence. This claim is dismissed, with prejudice and without leave to amend because further amendment would be futile.

### H. The Subpoenaed Documents and the Request to Redact Documents

Huang's arguments based on the inability to obtain documents he subpoenaed is moot

because his pleadings reflect that he has since received the relevant documents through a Freedom of Information Act request. The request to seal the documents in the administrative record also fails. Huang appears to seek to seal or redact documents that are not part of this court's proceedings. To the extent he seeks to seal documents in this court's record, Huang has not shown that Rule 26 of the Federal Rules of Civil Procedure or other statutes or rules require filing documents under seal. These documents were filed in the court's records, where they have been for an extended period. Such records, filed for the purpose of asking for court action, are presumptively public. No showing of good cause to seal them has been made. The request is denied.

### I. The Claim for Costs

The basis for Huang's challenge to the award of litigation costs is unclear. The ALJ awarded Huang costs. The ARB affirmed the "ALJ's Decision and Order awarding back pay, compensation, *reimbursement of costs*, and equitable relief." (Docket Entry No. 20, Ex. 7 at 7 (emphasis added)). Because Huang has failed to allege that the award of litigation costs was incorrect, much less an abuse of discretion, the claim is dismissed. Nor has Huang alleged a basis to conclude that the ARB abused its discretion in denying Huang's application for appellate costs. This claim is also dismissed, with prejudice and without leave to amend because further amendment would be futile.

### J. The Claim that the Interest Was Miscalculated

Huang argues that interest on his award was miscalculated, but that argument appears factually mistaken. The calculations in Huang's pleadings apply the full annual percentage rate as interest each quarter, yielding four times the correct interest amount. Huang has alleged no plausible inconsistency between the interest owed and the DOL's interest calculation or the ALJ's award. There is no basis for overturning the ALJ's order. This claim is dismissed, with prejudice and without leave to amend because further amendment would be futile.

## V. Conclusion

Huang's motion to strike is denied. His motion for leave to amend is granted. The ARB's motion to dismiss is granted. The dismissal is with prejudice and without leave to amend because Huang has already amended twice and the record shows that further amendment would be futile. An order of dismissal is entered separately.

SIGNED on August 8, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge