**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONGSHENG HUANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 12-0035 |
| | § | |
| ADMINISTRATIVE REVIEW BOARD | § | |
| U.S. DEPARTMENT OF LABOR, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In this suit, the petitioner, Dongsheng Huang, proceeding *pro se*, challenged parts of the Department of Labor (DOL) Administrative Review Board (ARB)'s ruling affirming the Administrative Law Judge (ALJ)'s decision that Huang was entitled to receive over $150,000.00 from his former employer, Ultimo Software Solutions, Inc.  Huang sought an order directing the ARB to change its ruling, including by awarding him more compensatory damages for front pay, back pay, and pain and suffering; awarding him punitive damages of $5,000,000.00; and expunging government records about his employment.  Huang also challenged the interest calculation on the award.  Finally, he alleged that the DOL Wage & Hour Administrator had a statutory duty to participate directly in the administrative proceedings and failed to perform that duty.  (Docket Entries No. 57–60).

In a 16-page Memorandum and Opinion, this court granted the ARB's motion to dismiss Huang's complaint.  Huang has moved to alter the judgment and has supplemented that motion.  (Docket Entry No. 63, 64).  The ARB has responded, (Docket Entry No. 75), and Huang has replied, (Docket Entry No. 76)  For the reasons explained in detail below, Huang's motion is denied.

## I.       The Rule 59(e) Standard

A motion seeking reconsideration under Federal Rule of Civil Procedure 59(e) "should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; [or] (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Brown v. Mississippi Co-op Extension Service,* 89 Fed. Appx. 437, 439 (5th Cir.2004) (citing *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir.2003)).  A motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir.2003). A district court has discretion in deciding whether to grant the motion.  *Weber v. Roadway Exp., Inc.,* 199 F.3d 270, 276 (5th Cir.2000).   None of these factors warrant reconsideration in this case.

## II.      Analysis

### A.       Huang's Claim that He Was Entitled to Amend Again

Huang argues that he was entitled to file a second amended complaint different from his proposed second amended complaint.  (Docket Entry No. 63, at 2).  This argument is without merit. The amended complaint Huang now asserts he should have been allowed to file was not attached to a motion seeking leave to file.[1]  Huang has not explained how a second amended complaint that

---

[1] Huang was allowed to file the proposed amended complaint he attached to his motion.  Footnote one of the court's August 8, 2013 Memorandum and Opinion stated:

> Huang moved for leave to amend but did not attach a copy of his proposed amended complaint and petition for review of exhibits. . . .  The ARB responded and Huang replied. . . .  Following this court's June 3, 2013 order, Huang supplemented his motion by filing the proposed amendments and exhibits. . . .  The motion for leave to amend is granted to the extent that the amendments add factual detail to Huang's complaint.  The ARB's argument that the amendment would be futile is moot because the material

was not filed would have been different from the proposed amended complaint he did file or why he should have been allowed to file a different amended complaint.  He does not provide a basis for the relief he seeks.

### B.    Huang's Claim that the Court Erred in Referring Collectively to the Respondents as "ARB"

Footnote three of the court's Memorandum and Opinion stated that "Huang also sued the United States Secretary of Labor.  For clarity's sake, this Memorandum and Opinion refers to the defendants collectively as the ARB."  (Docket Entry No. 61 at 5, n.3).  The court made it clear that "ARB" referred to both the ARB and Secretary of Labor.  In his motion, Huang appears to claim that this was error.  There is no support for this claim and no basis for the relief Huang seeks.

### C.    The Motion to Strike

Footnote two of the court's Memorandum and Opinion stated that "Huang also moved to strike the motion to dismiss as untimely because it was filed one day late. . . .  Huang has not shown that he was prejudiced by the late filing.  The motion to strike will be denied."  (Docket Entry No. 61 at 2, n.2).  Huang claims that this ruling was erroneous because he was prejudiced by the late filing in that the court considered the arguments it presented.  (Docket Entry No. 63, at 3-4).  This is not prejudice, as a matter of law.  Huang has not shown how he was unduly prejudiced by having the motion to dismiss filed 47 days instead of 45 days after he filed his first amended complaint.

---

added does not affect the parties' substantive arguments about dismissal. As explained below in this court's Memorandum and Opinion, the ARB is entitled to dismissal even considering the allegations in and attachments to Huang's amended complaint and petition for review.

(Docket Entry No. 61 at 1, n.1).

Huang was given the full amount of time to respond to the motion and did file a response.  This claim is not a basis for relief.

### D.       Huang's Claim of Erroneous Dismissal Under Rule 12(b)(7)

Rule 12(b)(7) allows dismissal for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.  Huang claims that because his claim was brought under the APA, a third party cannot be necessary.  (Docket Entry No. 63, at 5).  The fact that an APA claim is initially brought against government officials does not preclude joining third parties.  *See St. Pierre v Norton*, 498 F. Supp. 2d 214 (D. D.C. 2007); *South Carolina Wildlife Federation v. South Carolina Dept. of Transp.*, 485 F. Supp. 2d 661 (D. S.C. 2007), *aff'd in part*, 549 F.3d 324 (4th Cir. 2008); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wisc. 2004), *aff'd*, 422 F.3d 490 (7th Cir. 2005).  (Third parties joined in APA actions against federal government officials).

This court stated as follows in its earlier ruling:

> The relief Huang seeks requires Ultimo – not the DOL – to pay much more than it has been ordered to pay by the ALJ and the ARB. Granting Huang's claims for relief without Ultimo s a party would significantly "impair or impede" its ability to protect its interests. . . . Ultimo is a party to the appeal that is still pending in the United States Court of Appeals for the Ninth Circuit.  Huang has nevertheless simultaneously proceeded in this court without Ultimo as a party for over a year, creating a risk that Ultimo may be subjected to conflicting judgments. . . .  Ultimo is clearly a necessary party under the Federal Rules.

Granting complete relief among the parties to this case would require deciding whether Ultimo must provide Huang with up to an additional $5 million.  Ultimo has a legally protected interest in a court claim alleging that it would be bound to pay this amount.  Huang relies on *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990), to support his claim that Ultimo was not

4

a necessary party.  (Docket Entry No. 63 at 5).  *Makah* relied on *Northern Alaska Env. Center v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986), which explained that the interest in the subject matter of the litigation must be legally protected.

Huang also argues that under *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292 (10th Cir. 1994), the ARB was required to provide affidavits or "other relevant extra-pleading evidence" to establish Ultimo's interest in the case.  (Docket Entry No. 63, at 6-7).  This argument is unpersuasive.  *Collier* did not hold that a movant in a Fed. R. Civ. P. 12(b)(7) motion is limited to affidavits.  The opinion listed affidavits as an example of how a "proponent's burden can be satisfied." 17 F.3d at 1293.  *See also* 5C Charles A. Wright, Arthur Miller, Mary Kay Kane, Richard L. Marcus, and Adam N. Steinman, *Federal Practice and Procedure*, § 1359 (3d ed. 2013) (stating that for a movant to meet its burden, "it may be necessary to present affidavits or persons having knowledge of these interests as well as other relevant extra-pleading evidence.").  The record in this case was sufficient.

Huang argues that he is allowed to seek enforcement of the part of the ARB decision he agrees with in the Northern District of California and Ninth Circuit, while challenging the parts he disagrees with in this court.  As the court explained, if a determination was made that the agency "made an error of law, . . . the case must be remanded to the agency for further action consistent with the correct legal standard."  (Docket Entry No. 61, at 10, citing *Palisades Gen. Hosp. v Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005).  If that occurred while there was a concurrent enforcement of parts of the administrative decision by another court, Ultimo would be at risk of conflicting judgments. The case would have been remanded to the agency for a new determination while Ultimo would

5

simultaneously be forced to pay a portion of an administrative decision that was no longer final. Huang's arguments about the Rule 12(b)(7) ruling do not show a basis for relief.

### E.      Huang's Claim of Erroneous Dismissal Under Rule 12(b)(6)

Huang's challenge to the standard of review used by the court, (Docket Entry No. 63, at 8-9), fails to account for recent cases, including *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *McClaine v. Boeing Co.*, — F.3d —, 2013 WL 5817098 (5th Cir. Oct. 30, 2013 (publication pending), and *Turner v. United States*, — F. Supp. 2d —, No. 4:13-cv-932, 2013 WL 5877358 (S.D. Tex. Oct. 31, 2013).   Huang's challenges also fail to recognize the standard of review under the APA for an agency decision.

As explained in the Memorandum and Opinion, the court granted the motion to dismiss for several reasons.  The relief Huang sought would require this court to exceed the authority granted under the APA, such as ordering the ARB to make particular findings or rulings.  To the extent Huang's claims were within the court's authority to grant, they failed as a matter of law.  He has not shown a basis to alter those conclusions.

With respect to Huang's claim that this court must order the ARB to order the ALJ to expunge records related to his Ultimo employment, Huang did not raise the issue before the ALJ and ARB, precluding his ability to raise it for the first time in this court.  Nor did he show a basis under the APA to compel the ALJ, the ARB, the Department of Labor, the United States Citizenship and Immigration Services, or Ultimo, to expunge records relating to his employment.

Huang argued that the court erred in dismissing his claim for front pay.  The ALJ ordered Ultimo to pay Huang under 8 U.S.C. § 1182(n)(2)(D) through September 15, 2008, the date his H-1B visa expired.  This was several months after Ultimo terminated Huang's employment in July

2007.  Huang was paid through the September 2008 date because his job termination, which the ALJ found to be retaliatory, could not be remedied by reinstatement.  His Visa had expired.  This court rejected Huang's argument that the ALJ's back pay award entitled him to front pay as well.  The cases Huang cites do not justify changing this ruling.  Because his visa expired on September 15, 2008, there was no basis to find that Huang could have continued working at Ultimo after that date and no justification for requiring Ultimo to pay more.  Huang has not shown a basis to change the conclusion that he was not entitled to the front pay he sought.

Similarly, Huang has not shown a basis to alter or amend the dismissal of his claim for compensation for the increased taxes he may pay because he received damages in a lump sum; for damages for medical problems; to change the interest rate the ALJ and agency applied; for costs; for an expected raise; for additional vacation pay or other employee benefits; for punitive damages; for discovery misconduct; or for the Department of Labor's lack of participation.  Most of the arguments he raises were previously raised and resolved.  He has not made new legal or factual arguments.  The remaining arguments he raises are lacking in authority and unpersuasive.

## III.    Conclusion

Huang's motion to alter judgment is denied.

SIGNED on December 5, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge